## WILLIAM A. THOMAS CO. v. LOWENTHAN et al

(Supreme Court, Appellate Term. January 8, 1909.)

EXECUTION (§ 402*)—SUPPLEMENTARY PROCEEDINGS—APPOINTMENT OF RECEIVER—RIGHT TO POSSESSION OF DEBTOR'S PROPERTY.

Code Civ. Proc. § 2468, vests a judgment debtor's property, with immaterial exceptions, in a receiver who qualifies in supplementary proceedings from the time of filing the order appointing him. A policy of insurance of the debtor was in force when the receiver qualified. Subsequently the debtor obtained judgment on the policy, assigning the judgment for a good consideration, in compliance with an agreement made when the action on the policy was commenced, to a person not a party to the supplementary proceedings nor under the court's jurisdiction. *Held* that, the assignee having a vested interest in the judgment and a right to support her claim, an order in the supplementary proceedings requiring defendant to assign the judgment to the receiver, after he had parted with title thereto, was not the proper course; the better practice being for the receiver to sue to set aside the assignment, making the assignee a party defendant.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1159; Dec. Dig. § 402.*]

Appeal from City Court of New York, Special Term.

Supplementary proceedings by the William A. Thomas Company against Louis Lowenthan and others. From an order directing the defendant named to execute an assignment of a judgment, he appeals. Reversed, without prejudice.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Abraham H. Sarasohn, for appellant.
Leon Dashew, for respondent.

GILDERSLEEVE, P. J. Section 2468 of the Code provides as follows:

"The property of the judgment debtor is vested in a receiver (appointed in supplementary proceedings), who has duly qualified, from the time of filing the order appointing him, or extending his receivership, as the case may be, subject to the following exceptions: (1) Real property is vested in the receiver only from the time when the order, or a certified copy thereof, as the case may be, is filed with the clerk of the county where it is situated; and (2) where the judgment debtor, at the time when the order is filed, resides in another county of the state, his personal property is vested in the receiver only from the time when a copy of the order, certified by the clerk, in whose office it is recorded, is filed with the clerk of the county where he resides."

In the case at bar plaintiff obtained judgment against defendants on April 20, 1907, for $208. On May 27, 1907, a receiver was appointed in supplementary proceedings and duly qualified. The supplementary proceedings were commenced on April 27, 1907. On May 14, 1908, long after the time of the commencement of the proceedings and the date of the appointment and qualification of the receiver, the judgment debtor, Louis Lowenthan, recovered a judgment against the Travelers' Insurance Company, in an action upon a policy of indemnity insurance, for $502.81. On the same day that the judgment was recovered it was

assigned by defendant to one Jennie Sapiro in conformity with an agreement made at the time the action against the insurance company was commenced. On May 26, 1908, an order of the City Court was entered requiring the defendant to assign this judgment to the receiver. From this order, defendant appeals.

The policy of insurance, upon which the judgment was recovered by defendant, was in force at the time the receiver was appointed and qualified. Sapiro has a vested interest in that judgment, and has a right to be heard in support of her claim, since it appears uncontradicted that she paid good consideration for the assignment to her, by paying off another judgment obtained by one Charan against defendant for $489.89. As Sapiro is not a party to this, action, nor under the jurisdiction of the court, the order requiring defendant to assign the judgment to the receiver, after he has already parted with title thereto, would seem to be improper. The better course for the receiver to take would be by action, in which Sapiro could be joined as party defendant, to set aside the assignment.

The order must be reversed, but without costs, and without prejudice to such proceedings in the court below as counsel may advise. All concur.